## Case No. 10,480.

### OLCOTT v. HAWKINS.

[2 Am. Law J. (N. S.) 317.]

District Court, D. Wisconsin. 1849.

PATENTS—INFRINGEMENT—PERPETUAL INJUNCTION.

Perpetual injunction in favor of Woodworth's patent for planing, tonguing, and grooving boards, &c.

[This was a bill in equity by Thomas W. Olcott against William Hawkins, for an injunction to enjoin the infringement of certain letters patent.]

This case was heard upon bill, answer, proofs and exhibits; and was argued by

Finch & James, for plaintiff.

A. Smith and Mr. Payne, for defendant.

At a special term held at the city of Milwaukee, on the first Monday of April, 1849, an opinion, of which the following is the substance, was delivered by

MILLER, Judge. The bill represents that letters patent were issued to William Woodworth, in December, 1828; and were renewed to William W. Woodworth, as administrator of said William Woodworth (the patentee) deceased. That by an act of congress, approved February 26th, 1845 [6 Stat. 936], the said patent was extended. This patent is for an improvement in the method of planing, tonguing, grooving and cutting into moulding, &c., either plank or boards, or any other material; and for reducing the same to an equal width or thickness, &c. For the purpose of planing, &c., the plank or boards may be placed on, or against a suitable carriage, resting on a frame or platform, so as to be acted upon by a rotary cutting, or planing and reducing wheel; which may be made to revolve, either horizontally or vertically; and the cutters on this wheel are made to cut upwards from the reduced point of the plank to the said surface. After the board or plank passes the planing cylinder, and as soon, or as fast as the planing cylinder has done its work on any part of the board, or plank, the edges are brought into contact with two revolving cutter wheels, for the purpose of grooving and matching. The carriage, on which the board, or plank, are placed, may be moved forwards by means of a rack and pinion, by an endless chain or band; or by geared friction rollers. Assignments and conveyances from W. W. Woodworth to the plaintiff, through sundry persons, "of all his right, title and interest, which the said W. W. Woodworth then had, in and to the said exclusive privileges within the territory of Wisconsin, to the number of thirty-one, are alleged and proven. Said assignments were recorded more than three months after the date of their execution.

The defendant, in his answer, denied having made and set up a machine; in all its material parts substantially like and upon the plan of the machine described in the bill and letters patent to Woodworth. He further stated that he constructed and put in operation a machine for planing boards, and is still using it; and that it is not a violation of the Woodworth patent; but in conformity to a patent to Robert Luscombe, for an improvement, &c. He admits that he did annex to his machine, machinery for tonguing and grooving, which is covered by the Woodworth patent. The patent to Luscombe consists of a moveable or receding face, which is to act in connexion with a wheel, to which gouges and irons, similar to plane bits, are attached for the purpose of planing.

The patent act of July 4, 1836 (chapter 357, § 11 [5 Stat. 121]), provides "that every patent shall be assignable in law, either as to the whole interest, or any undivided part thereof, by any instrument in writing; which assignment, and also every grant and conveyance of the exclusive right, under any patent, to make and to grant to others to

make and use, the thing patented, within and throughout any specified part, or portions of the United States, shall be recorded in the patent office within three months from the execution thereof." The deed from Woodworth is a grant and conveyance to the grantee, his executors, administrators and assigns, of the exclusive right, under the patent, to make and use, and to grant to others to make and use the machine within and throughout the territory of Wisconsin, to the number of thirty. It is more than a mere license; it is a full consent, permission and license to him, his executors, administrators and assigns to construct and use thirty machines within Wisconsin; with authority to commence and prosecute to final judgment, any suit, or suits, for the infringement of said patent, within said territory, accompanied with a covenant not to construct, or use, or give a license for such purpose, any machines, within the territory. The case of Woodworth & Bunn v. Wilson, 4 How. [45 U. S.] 712, is in point. The deed from Woodworth to Bunn is the same as this one, except that Bunn was authorized to commence and prosecute suits in the name of Woodworth, or in his own name. The supreme court decided that Bunn was an assignee of the exclusive right, within the territorial limits, described in his deed. That part of the act, requiring deeds, or assignments, to be recorded within three months is merely directory; and except, as to intermediate bona fide purchasers without notice, any subsequent recording of such papers is sufficient to pass the title to the assignee. Brooks v. Byam [Case No. 1,948]; Boyd v. McAlpin [Id. 1,748]. The defendant does not come within this exception. He does not pretend to be a bona fide purchaser without notice.

There is no doubt of the validity of the Woodworth patent. It has been sustained in several circuit courts of the United States, against, probably, every other machine constructed, in almost every variety of shape and form. The supreme court has sustained it; and congress, by a special act has extended it. It is considered a highly meritorious and important patent right. The patent to Luscombe, for his improvement, cannot affect the plaintiff, if the defendant's machine is an infringement of the Woodworth patent. Woodworth claims, "as his invention, the improvement and application of cutter, or planing wheels, to planing boards," &c. He describes how the several operations may be so combined as to plane, tongue and groove at the same time. The application of the planing cutters to planing boards, &c. together with the action of the other cutters constitute the invention. This invention consists of a combination of known mechanical powers, by which certain results are produced. This patent, by its terms, being for a new combination of existing machinery, or machines; and not claiming any improvement or invention, except the combination, unless that combination is substantially violated, the patentee is not entitled to any remedy for the use of parts of the machinery. The enquiry is not whether any part of the combination has been used since the patent, but whether the whole combination has been substantially violated. Prouty v. Ruggles, 16 Pet. [41 U. S.] 336; Barrett v. Hall [Case No. 1,047]; Moody v. Fiske [Id. 9,745]; Evans v. Eaton, 3 Wheat. [16 U. S.] 454; Howe v. Abbot [Case No. 6,766]. The principle of two machines may be the same, and their form or proportions different. Their external mechanism may be apparently different, and they may substantially employ the same power in the same way. The word "principle" means the operative cause, by which a certain effect is produced; the combination of certain mechanical powers; the mode of operation. Upon the question of principle we may arrive at a correct conclusion, by ascertaining what is the result which the invention is designed to produce. Whatever is essential to produce the appropriate result of a machine, independently of its mere form, is a matter of principle. By this combination, the board is planed upon its surface, tongued on one edge, and grooved on the other, by one operation. Now, where this is produced by a combination of the same mechanical powers, though the machines may be somewhat different in their structures, in principle they are the same. The frame rollers and matchers of these two machines are the same in principle. The only question is, whether the planing part of the defendant's machine is an infringement of the Woodworth patent. This is a point of some difficulty. It involves, like almost every one arising in patent cases, not so much general principles, as the minute and subtle distinctions which occasionally arise in the application of those principles.

The patent act contemplates two classes of persons as peculiarly appropriate witnesses in patent cases, viz: 1st, practical mechanics, to determine the sufficiency of the specification, as to the mode of constructing, compounding and using the patent; 2d, scientific and theoretic mechanics to determine whether the patented thing is substantially new in its structure and mode of operation, or a mere change of equivalents. The second is by far the higher and more important of the two. Allen v. Blunt [Case No. 216]. The court has been favored with the testimony of operatives and mechanics of intelligence; but not sufficiently with that of experts, or men of science, which is generally necessary to a proper understanding of the principle involved. The witnesses speak generally of the planing wheels and of certain principles connected therewith: but do not enter into, either an analysis of those wheels from actual measurement; or a mathematical demonstration of those prin-

ciples, sufficiently to satisfy a mind enquiring after truth. The machine, as described by the witnesses, to have been constructed, according to the specifications accompanying the Woodworth patent, the axis of the cylinder is horizontal, and the knives are used in various forms; and as the board passes under, and the cylinder revolves, the knives operate upon the principle of the adze. Upon the defendant's machine, the planing is performed by a wheel which turns upon an upright shaft with knives and gouges set in and on the edge of the wheel. The gouges on the edge of the wheel take off the superabundant stuff, and the knives finish the work. The board passes to, and under the planing wheel, by the same means as the Woodworth patent. The witnesses generally described the principle of cutting away the surface of the board upon the Woodworth patent to be that of an adze; and the principle of the defendant's machine, to be that of a common plane traversing across the board, moving in lines parallel to the surface, which it finishes. They generally state that the two machines are different in principle. They speak in general terms of the dissimilarity of the machines, in reference to the cylinder and the wheel; and the adze and the plane cut. Some of the witnesses state, that the bed plate in the Woodworth machine is intended to be a perfect level; and in the defendant's, is the fullest at the line the cutters travel over while performing their work, and in form is circular. Also, that the board is depressed after being planed, to avoid the back cut or lash. That at the point where the cutters strike, in the defendant's machine, the board is parallelled with the face of the wheel; and that it was necessary to incline the board to the face of the wheel; and that the part of the board planed is depressed. They have not given the court to understand whether the cylinder upon the Woodworth machine is a perfect cylinder, or not. If it is not, then the cut would not be strictly that of an adze. But be that as it may; if the disc of the defendant's wheel should not be exactly plane, but in the least dished, the appropriate motion of the adze is introduced. The same principle may be occasioned by adjusting the board to the face of the wheel, as described by the witnesses. And as the bed plate of defendant's machine is not level, but highest where the cutters act upon the board, although they may enter as planes, yet they assume the adze cut in leaving the board. The principle is the same, whether the knives cut upwards on a level board, or run level over a curved board highest at the point of action. When the board is straightened the shape of the cut is the same—not level, but grooved. In my opinion, at the effective moment, it is not the plane, but the adze cut that finishes the work. Upon the same principle is it, when the board is inclined to avoid the back lash, or cut. Nor does the action of the wheel necessarily determine the principle, or character of the cut.

I cannot see any essential difference, in principle, between defendant's machine, and those patented to McGregor and Ira Gay. Nor is there any essential difference, in principle, between defendant's wheel and a machine having knives extending from a perpendicular axis, and constructed so as to avoid the back lash. All machines, constructed upon these principles, have been enjoined in different circuit courts. I am, therefore, of opinion, that the defendant's machine is, in principle, similar to the Woodworth patent; and that the whole combination, embraced by the Woodworth patent, has been substantially violated.

Decree, that the injunction be, and remain perpetual.

[For other cases involving this patent, see cases Nos. 17,214, 18,013, 18,014, 18,016, 18,018, 18,019, and 18,021.]